APPEAL,CLOSED,E−FILE PROJECT,PRISONER,PSA−BB,RF

# United States District Court
## Eastern District of Wisconsin (Milwaukee)

SHORT RECORD
No. 22-2458
Filed: 08/17/2022

**DOCKET FOR CASE #: 2:21−cv−00542−BHL**

Brown v. Fofana
Assigned to: Judge Brett H Ludwig
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/27/2021
Date Terminated: 08/09/2022
Jury Demand: Both
Nature of Suit: 555 Prisoner: Conditions of
Confinement
Jurisdiction: Federal Question

**Plaintiff**

**Lee Anthony Brown**     represented by    **Lee Anthony Brown**
385934
Oshkosh Correctional Institution
PO Box 3310
Oshkosh, WI 54903−3310
PRO SE

V.

**Defendant**

**Warden Michael Meisner**     represented by    **Wisconsin Dept of Justice − 1983 Actions**
*TERMINATED: 06/24/2021*     Email: DLSFedOrdersEastCL@doj.state.wi.us
*TERMINATED: 01/19/2022*
*LEAD ATTORNEY*

**Defendant**

**Kevin Carr**
*TERMINATED: 06/24/2021*

**Defendant**

**Dan Cromwell**
*TERMINATED: 06/02/2021*

**Defendant**

**Capt Hoch**
*TERMINATED: 06/02/2021*

**Defendant**

**Capt Larsen**
*TERMINATED: 06/02/2021*

**Defendant**

**John Roe**
*Supervisor, Captain at Red Granite*
*Correctional Institution*
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**John Doe**
*Security Director, Red Granite*
*Correctional Institution*
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Sgt Hall**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Sgt McGibbions**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Unit Manager Jaeger**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Alice Perez**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Officer Harley**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Toney Emil**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Capt Kuster**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Capt Norman**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Unit Manager McGinnis**
*TERMINATED: 06/02/2021*

<u>**Defendant**</u>

**Sgt Ewert**
*TERMINATED: 06/02/2021*

**Defendant**

**NP Bowens**
*TERMINATED: 06/24/2021*

**Defendant**

**Deputy Warden Zanon**
*TERMINATED: 06/02/2021*

**Defendant**

**Keith Johnson**
*TERMINATED: 06/02/2021*

**Defendant**

**Dawn Fofana**                            represented by   **Bradley P Soldon**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−6823
Fax: 608−294−2907
Email: soldonbp@doj.state.wi.us
*TERMINATED: 01/18/2022*

**Catherine Malchow**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−267−1311
Email: malchowcr@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Gesina S Carson**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−1672
Fax: 608−267−8906
Email: carsongs@doj.state.wi.us
*TERMINATED: 01/18/2022*

**Defendant**

**Dr Murphy**
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**Dilip Tannan**
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**Dr Wheatley**
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**NP Hermes**
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**RN Feltz**
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**Giesler**
*MPAA, Special Needs Committee Member*
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**Lt Schwebke**
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**John/Jane Doe**
*DOC Medical Director*
*TERMINATED: 06/24/2021*

<u>Defendant</u>

**John/Jane Doe**
*ADA Coordinator*
*TERMINATED: 06/24/2021*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/27/2021 | 1 | | DISMISSED PER 8 ORDER ~~PRISONER COMPLAINT against all Defendants by Lee Anthony Brown. (tlf)~~ Modified on 5/20/2021 (kah). |
| 04/27/2021 | 2 | | MOTION for Leave to Proceed Without Prepayment of the Filing Fee by Lee Anthony Brown. (tlf) |
| 04/27/2021 | 3 | | Prisoner Trust Fund Account Statement by Lee Anthony Brown. (tlf) |

| 04/28/2021 | 4 | | LETTER from the Clerk to Lee Anthony Brown requesting that he submit the consent/refusal form for Magistrate Judge William E Duffin within 21 days. (tlf) |
|---|---|---|---|
| 04/28/2021 | 5 | | LETTER from the Clerk to Lee Anthony Brown regarding the Prisoner E–Filing Program. (cc: All Counsel) (Attachments: # 1 Prisoner E–Filing Information Packet)(tlf) |
| 04/28/2021 | 6 | | ORDER that on or before 5/28/21 plaintiff shall forward to the Clerk of Court the sum of $ 34.13 as an initial partial filing fee in this action signed by Judge Brett Ludwig on 4/28/21. (cc: all counsel and mailed to pro se party, warden) (MP) |
| 05/03/2021 | 7 | | Magistrate Judge Jurisdiction Form filed by Lee Anthony Brown. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (tlf) (Entered: 05/04/2021) |
| 05/10/2021 | | | INITIAL PARTIAL FILING FEE Received: $34.13, receipt number GB4689–5833. ; the payment of all future filing fees will be maintained by the financial department (cav) |
| 05/19/2021 | 8 | | SCREENING ORDER signed by Judge Brett Ludwig on 5/19/21 granting 2 Motion for Leave to Proceed Without Prepayment of the Filing Fee and DISMISSING complaint; Amended Pleadings due by 6/21/2021. The agency having custody of the plaintiff shall collect from his institution trust account the $315.87. (cc: all counsel and mailed to pro se party and warden)(MP) |
| 06/02/2021 | 9 | | AMENDED COMPLAINT with Jury Demand against all Defendants filed by Lee Anthony Brown.(tlf) |
| 06/24/2021 | 10 | | SCREENING ORDER re: amended complaint signed by Judge Brett Ludwig on 6/24/2021. Plaintiff may proceed with deliberate indifference claim against Fofana; other claims are dismissed and all defendants except Fofana are dismissed from this case. This order and the amended complaint are sent electronically to the DOJ for service on defendant Fofana; responsive pleading due within 60 days of notice of this order. (cc: all counsel and mailed to pro se party)(kmm) (Entered: 06/25/2021) |
| 07/02/2021 | 11 | | NOTICE of Appearance by Gesina S Carson on behalf of Fofana. Attorney(s) appearing: Gesina S. Carson (Attachments: # 1 Certificate of Service)(Carson, Gesina) |
| 07/02/2021 | 12 | | ACCEPTANCE OF SERVICE BY DOJ as to Fofana (Carson, Gesina) |
| 08/09/2021 | 13 | | FILING FEE PAID IN FULL (bx) |
| 08/20/2021 | 14 | | ANSWER to 9 Amended Complaint with Jury Demand by Dawn Fofana. (Attachments: # 1 Certificate of Service)(Carson, Gesina) |
| 08/23/2021 | 15 | | SCHEDULING ORDER: signed by Judge Brett H Ludwig on 8/23/2021. Discovery due by 1/24/2022. Motions due by 2/25/2021. (cc: all counsel and mailed to pro se party)(kmm) |
| 08/24/2021 | 16 | | NOTICE of Appearance by Bradley P Soldon on behalf of Dawn Fofana. (Attachments: # 1 Certificate of Service)(Soldon, Bradley) |
| 01/18/2022 | 17 | | NOTICE of Substitution by Catherine Malchow on behalf of Dawn Fofana. Additional Attorney(s) appearing: Catherine R. Malchow; Attorney Bradley P. |

| | | | |
|---|---|---|---|
| | | | Soldon, Gesina S. Carson to be termed. (Attachments: # 1 Certificate of Service)(Malchow, Catherine) |
| 02/25/2022 | 18 | | MOTION for Summary Judgment by Dawn Fofana. (Attachments: # 1 Certificate of Service)(Malchow, Catherine) |
| 02/25/2022 | 19 | | BRIEF in Support filed by Dawn Fofana re 18 MOTION for Summary Judgment . (Malchow, Catherine) |
| 02/25/2022 | 20 | | Proposed Findings of Fact by Dawn Fofana (Malchow, Catherine) |
| 02/25/2022 | 21 | | DECLARATION of Dawn Fofana (Attachments: # 1 Exhibit 1000 – Medical Record Excerpts (redacted), # 2 Exhibit 1001 – Appendix 1 – Restrictions–Special Needs to BHS Policy #300.07, # 3 Exhibit 1002 – PT Appointment Cancelled, # 4 Exhibit 1003 – Order for Off–Site Orthopedic Consultation)(Malchow, Catherine) |
| 02/25/2022 | 22 | | UNPUBLISHED Decision *(Polega v. Block)* filed by Dawn Fofana (Malchow, Catherine) |
| 02/25/2022 | 23 | | UNPUBLISHED Decision *(Heck v. Roese)* filed by Dawn Fofana (Malchow, Catherine) |
| 02/28/2022 | 24 | | ORDER signed by Judge Brett H Ludwig on 2/28/22 that, if by March 25, 2022, Brown does not respond to the summary judgment motion or does not request additional time to do so, the Court will accept all facts asserted by Defendant as undisputed and may grant the motion as a sanction for noncompliance with this order and the local rules. See Civil L.R. 7(d). (cc: all counsel and mailed to pro se party)(cmb) |
| 03/23/2022 | 25 | | RESPONSE to Motion filed by Lee Anthony Brown re 18 MOTION for Summary Judgment . (Attachments: # 1 Affidavit of Carl McDaniel, # 2 Exhibits 1–69)(mac) |
| 04/06/2022 | 26 | | REPLY BRIEF in Support filed by Dawn Fofana re 18 MOTION for Summary Judgment . (Attachments: # 1 Certificate of Service)(Malchow, Catherine) |
| 08/09/2022 | 27 | | ORDER signed by Judge Brett H Ludwig on 8/9/22 granting 18 Motion for Summary Judgment. This case is DISMISSED. (cc: all counsel and mailed to pro se party)(jad) |
| 08/09/2022 | 28 | | JUDGMENT signed by Deputy Clerk on 8/9/22. (cc: all counsel and mailed to pro se party)(jad) |
| 08/17/2022 | 29 | | NOTICE OF APPEAL by Lee Anthony Brown from USDC re: 28 Judgment, 27 Order on Motion for Summary Judgment. Newlin Notice to be sent by 10/14/2022 (cc: all counsel)(mac) |
| 08/17/2022 | 30 | | Pro Se Cover Letter re: 29 Notice of Appeal Prisoner (Attachments: # 1 Docket Sheet)(jv) |

United States District Court
Eastern District of Wisconsin

Lee Anthony Brown
        Plaintiff

        V                                    Case # 21 CV542641

Dawn fofana
        defendant

## Notice of Appeal

   Notice is hereby given that Lee Brown
the plaintiff in the above entitled matter
appeals to the United state Court of
 Appeals for the circuit from the
final judgement entered in this action on
8-9-2022.

                        Lee Brown #385934.

                        8-16-2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE ANTHONY BROWN,

        Plaintiff,

    v.                                    Case No. 21-cv-542-bhl

DAWN FOFANA,

        Defendant.

## DECISION AND ORDER

Plaintiff Lee Anthony Brown, who is representing himself, is proceeding on an Eighth Amendment claim that Defendant Dawn Fofana was deliberately indifferent towards his knee injury. Dkt. No. 10 at 7. On February 25, 2022, Fofana filed a motion for summary judgment, which is now fully briefed and ready for resolution. Dkt. Nos. 18-19, 25, & 26. Because the undisputed facts show Fofana was not personally involved in Brown's medical care, the Court will grant her motion for summary judgment and dismiss this case.

## BACKGROUND

Brown filed this lawsuit in April 2021. Dkt. No. 1. Brown's original complaint named over 20 defendants (from two different institutions), included numerous unrelated claims, and made broad conclusory allegations against various groups of defendants. *See id*. The Court therefore dismissed the original complaint and ordered Brown to file an amended complaint that complied with Federal Rules of Civil Procedure 8, 18, and 20. Dkt. No. 8. The Court specifically directed Brown to allege facts from which the Court could reasonably infer that each individual defendant did what he alleges they did. *Id*. at 3.

In June 2021, Brown filed an amended complaint. Dkt. No. 9. The amended complaint named fewer defendants, but Brown still referred to "the defendants" as a collective group and failed to explain how each individual defendant was personally involved in his medical care. *See id.*; *see also* Dkt. No. 10 at 5-6. Rather than dismissing the amended complaint at that time, the Court allowed Brown to proceed on a very limited Eighth Amendment claim that Fofana, as Health Services Unit Manager, failed to schedule him for medical appointments (including an orthopedic consultation) during the 94 days he was in segregation at OCI. Dkt. No. 10 at 5-6. The Court dismissed the remainder of the defendants and claims. *Id.* at 7. Fofana filed an answer in August 2021. Dkt. No. 14. And the Court thereafter entered a scheduling order. Dkt. No. 15.

On February 25, 2022, Fofana filed a motion for summary judgment. Dkt. No. 18. In response, Brown more or less concedes he does not have a claim against Fofana with respect to the facts and allegations from the screening order. *See* Dkt. No. 25 at 6. Instead, he adds new factual allegations against Fofana and attempts to revive his claims against previously dismissed defendants. *Id.* at 2 & 4.

But it is far too late to raise new claims now. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."); *see also Williams v. Haure*, No. 18-CV-730-WMC, 2021 WL 1721603, at *9 (W.D. Wis. Apr. 30, 2021). The time for Brown to add facts, claims, and defendants was last June when the Court ordered him to amend his complaint. Alternatively, he could have sought leave to file a second amended complaint after the Court's screening order. Now, after discovery has closed and dispositive motions are pending is too late. At this point, Fofana's inclusion of evidence of the medical care others provided him is beside the point. The care others provided is not at issue in this case, and the Court will not address facts or

potential claims against individuals who were neither served with the complaint nor had an opportunity to respond to this lawsuit. The Court will only address the claim from the screening order and any facts or allegations related to the pending claim.

## UNDISPUTED FACTS

### I.      The Parties

Brown was an inmate at the Redgranite Correctional Institution (RGCI) who transferred to the Oshkosh Correctional Institution (OCI). Dkt. No. 25 at 1. Fofana was Assistant Health Services Manager at OCI. Dkt. No. 20, ¶2. As Assistant Health Services Manager, Fofana was responsible for "overall administrative support" in the Health Services Unit (HSU). *Id.*, ¶¶3-4. Fofana's job was mostly administrative—she did not make treatment decisions nor could she override a medical decision. *Id.*, ¶¶5-6, 50.

### II.      Brown's Knee Injury at RGCI

On October 4, 2020, Brown fell down the stairs at RGCI and reaggravated a prior knee injury. Dkt. No. 25 at 1-2; Dkt. No. 20, ¶¶19-20. Following the incident, Dr. Kira Labby (not a defendant) ordered an x-ray. Dkt. No. 20, ¶¶21-24. The x-ray showed no fractures or broken bones, but Dr. Labby referred the case to Orthopedic Surgery Specialist Dr. Eric Nelson (not a defendant) to recommend "next steps." *Id.*

### III.      Brown's Medical Care While in Segregation at OCI

On October 31, 2020, Brown transferred to OCI and was immediately placed in segregation. Dkt. No. 20, ¶25. According to Brown, he "made multiple health services requests" while in segregation (between October 31, 2020 and January 29, 2021) but an advanced care provider never examined his knee injury. Dkt. No. 25 at 1. The only time he allegedly saw a nurse was for COVID testing or COVID screening. *Id.* Brown states, "[a]ny time Brown was to speak

3

to the nurse at his cell door about his knee pain and injury the nurse would simply tell him to fill out a Health Services Request." *Id*.

A Health Services Request (HSR) is the proper way to communicate with medical staff about a non-life-threatening medical issue. Dkt. No. 20, ¶¶7-17. HSRs are collected from the housing units daily, triaged by nursing staff, and responded to within 24 hours of receipt. *Id*., ¶10. Nurses "triage" a request first because it may contain an urgent need that can't wait until Fofana is available. *Id*., ¶14. The nurse may respond to the HSR themselves or forward it to Fofana for response. *Id*., ¶15. To forward an HSR, the nurse checks off a box labeled "Refer HSR to: HSU Manager." *Id*., ¶13; *see also* Dkt. No. 21-1 at 121-123.

Brown submitted three HSRs while in segregation. Dkt. No. 20, ¶64; *see also* Dkt. No. 21-1 at 121-123. The first HSR, filed November 11, 2021, stated, "I was seen by Dr. Labby in RGCI because of a knee injury and was scheduled to see a[n] orthopedic specialist for a second surgery." Dkt. No. 21-1 at 123. Brown asked whether the appointment had been scheduled. *Id*. Nurse Jennifer Darling (not a defendant) responded that they were "awaiting a response" from Dr. Nelson on the surgery referral. *Id*. She explained Dr. Nelson had recommended physical therapy in the meantime, so she checked off a box labeled "Refer HSR to: other physical therapy." *Id*. This HSR was not forwarded to Fofana. *Id*.

The second HSR, filed November 26, 2020, stated, "my knee keeps coming out of socket and I am not able to straighten my leg completely until I push the bone back into place and it stops hurting. I need this issue addressed immediately." *Id*. at 122. In response, Nurse Michael Milner (not a defendant) scheduled a "Nursing Sick Call" immediately. *Id*. Nurse Jennifer Feltz (not a defendant) attempted to see Brown for that appointment but Brown refused because he wanted to

4

see a doctor instead. Dkt. No. 20, ¶34; *see* Dkt. No. 21-1 at 25. This HSR was also not forwarded to Fofana. Dkt. No. 21-1 at 122.

The third HSR, filed December 4, 2020, explained that Brown injured his knee, was in pain, needed to see a specialist and/or receive physical therapy, and wanted to "expedite" the process because the medical issue was not going away. Dkt. No. 21-1 at 121. In response, Nurse Klenke (not a defendant) scheduled an appointment with an advanced care practitioner. *Id*. As with the first two requests, this HSR was not forwarded to Fofana. *Id*.

Fofana was not the individual who reviewed and/or responded to any of Brown's HSRs. Dkt. No. 20, ¶¶ 64-65. She never provided any direct medical care to Brown (either for his knee injury or any other medical issue). *Id*., ¶¶53, 69. Fofana also states that she did not know Brown had any complaints about the medical care he received for his knee. *Id*., ¶68.

### IV.     Brown's Medical Care Following Release From Segregation at OCI

On January 29, 2021, Brown was released from segregation. Dkt. No. 25 at 2. A few days later, on February 1, 2021, Advanced Practice Nurse Practitioner  Nancy Bowens (not a defendant) examined Brown for his complaints of knee pain. Dkt. No. 20, ¶39. Bowens referred Brown to physical therapy (consistent with Dr. Nelson's recommendation) and she placed an order for another x-ray to compare to the October 8, 2020 x-ray. *Id*., ¶¶39-40. Nursing staff also ordered "therapy bands," a brace/immobilizer/sling/splint for his knee, and pain medication. *Id*., ¶¶43-45, 71. Brown then filed five more HSRs about his knee injury and all of them were addressed by nurses. *Id*., ¶¶64-66; *see also* Dkt. No. 21-1 at 116-21. None of these HSRs were forwarded to Fofana. *See id*.

On March 10, 2021, Brown completed his physical therapy program. Dkt. No. 20. ¶¶41-42. At the end of the program, Physical Therapist Nathan Paschke (not a defendant) recommended

an orthopedic consultation because there was no significant pain improvement or functional change.  *Id*., ¶42.  Consistent with that recommendation, Bowens requested a consultation with Orthopedic Specialist Dr. Davis Tsai (not a defendant).  *Id*., ¶46.

On March 26, 2021, Dr. Tsai examined Brown.  *Id*.,  ¶¶47-48.  Dr. Tsai concluded that ACL reconstruction surgery was "contraindicated" (meaning, not recommended) for someone with arthritis.  *Id*., ¶49.  Dr. Tsai explained that Brown's condition was not advanced enough to warrant arthroplasty surgery, and Brown was only 40 years old, so he was too young to undergo arthroplasty surgery.  *Id*.  Dr. Tsai recommended resuming medication (Naproxen), using a knee brace as needed, and losing weight to reduce knee pain.  *Id*., ¶51.  Following the appointment with Dr. Tsai, Brown filed a special needs request for a low bunk.  Dkt. No. 25 at 4.

On March 30, 2021, the Special Needs Committee considered Brown's request for a low bunk.  Dkt. No. 20, ¶55.  Fofana served on the Committee.  *Id*.  The Committee reviewed a "special needs evaluation" report and a "functional observation form" (drafted by non-defendant Nurse Melissa Endies) and denied the request because Brown did not have any medical conditions that would qualify him for a low bunk.  *Id*., ¶¶54-61.  The Committee concluded that, although Brown was overweight, he did not have a Body Mass Index over 40; and, although Brown had arthritis, he was able to walk, sit, stand, and move without support.  *Id*., ¶¶57-58.  Consistent with Dr. Tsai's recommendation, the Committee encouraged Brown to lose weight to relieve knee pain.  *Id*., ¶61.

### SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011).  "Material facts" are those under the applicable substantive law that "might affect the

outcome of the suit." *Anderson*, 477 U.S. at 248.  A dispute over a "material fact" is "genuine" if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The party asserting that a fact is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "An affidavit or declaration used to support or oppose a motion must be

made on personal knowledge, set out facts that would be admissible in evidence, and show that

the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Fofana asserts that she is entitled to summary judgment because she was not personally

involved in Brown's medical care.  Dkt. No. 19 at 7-10.  She states that her only involvement in

this case was her membership in the Special Needs Committee, and that Committee simply

complied with Dr. Tsai's recommendation.  *Id*. at 10-12.

Section 1983 limits liability to individuals who are personally responsible for a

constitutional violation.  *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009).  "An official

satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the

constitutional deprivation occurs at [his] direction or with [his] knowledge and consent."  *Gentry*

*v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005

(7th Cir. 1982)).  He or she "must know about the conduct and facilitate it, approve it, condone it,

or turn a blind eye."  *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The undisputed evidence shows Fofana was not personally involved in Brown's medical care. Brown filed three HSRs while in segregation, and five HSRs while out of segregation, but Fofana was not the individual responsible for reviewing or responding to any of them. The nurses who reviewed and responded to the requests didn't forward the requests to Fofana. Fofana never examined Brown in person. She never recommended any medical care for him. She also testifies in a sworn declaration that she did not even know Brown had any complaints about the medical care he received for his knee.

Brown provides no evidence disputing these assertions. *See* Dkt. No. 25. Instead, he claims that Fofana is liable because she "had the responsibility to supervise all operations and staff…" Dkt. No. 25 at 6. The Seventh Circuit has long held that §1983 "does not establish a system of vicarious responsibility." *Burks*, 555 F.3d at 593–94. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* Fofana is not responsible for how other nurses responded to Brown's HSRs or for how they treated his knee injury. More significantly, though, Brown's assertion from the screening order that he was "never" scheduled for any medical appointments while in segregation is blatantly contradicted by the record. *See* Dkt. No. 20, ¶¶26-37. Brown received continuous medical care for his knee and he even rejected certain appointments. Similarly, Brown's repeated assertions from his briefing materials that "knee replacement is necessary" is also blatantly contradicted by the record. *See* Dkt. No. 21-1 at 58.

Fofana's membership in the Special Needs Committee also does not make her liable under §1983. The Committee denied his request for a low bunk based on their conclusion that Brown did not have any of the medical conditions needed to receive such a restriction. The Committee's decision was based on review of Nurse Endies' "special needs evaluation" report and a "functional

observation form," and was consistent with Dr. Tsai's recommendation to lose weight to relieve

knee pain.  This means the Committee's decision was not only based on medical judgment, but it

was also consistent with accepted medical judgment.  Accordingly, Brown does not have a claim

regarding the Special Needs Committee.  *See e.g. Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir.

2017) ("The Eighth Amendment does not reach disputes concerning the exercise of a

professional's medical judgment.");  *see Acosta v. Barter*, No. 20-C-795, 2020 WL 5057758 at

*4–*5 (E.D. Wis. Aug. 27, 2020) (rejecting an Eighth Amendment claim where the complaint did

not allege that the Special Needs Committee decision was a substantial departure from accepted

professional judgment); *see also Brown v. Kelly*, No. 19-CV-1761-BHL, 2020 WL 7427060, at *3

(E.D. Wis. Dec. 18, 2020) (rejecting an Eighth Amendment claim where the complaint did not

allege that the Special Needs Committee decision substantially deviated from accepted medical

standards.).  Fofana is therefore entitled to summary judgment and the Court will dismiss this case.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion for

summary judgment (Dkt. No. 18) is **GRANTED** and this case is **DISMISSED**.  The Clerk's

office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 9, 2022.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| Lee Anthony Brown | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   21-cv-542-bhl |
| Dawn Fofana | ) | |
| *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐   the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐   the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____
_____ .

☑   other:   this case is dismissed with prejudice.

This action was *(check one)*:

☐   tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

☐   tried by Judge _____ without a jury and the above decision
was reached.

☑   decided by Judge   Brett H. Ludwig _____ on a motion for summary judgment.

Date:   8/9/22 _____

*CLERK OF COURT*


s/Julie D. _____
*Signature of Clerk or Deputy Clerk*